B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT **EASTERN DISTRICT OF NEW YORK** | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **SURROUNDART MANAGEMENT, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **26-0490928** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **63 FLUSHING AVENUE, UNIT 154 BROOKLYN, New York**      ZIP CODE **11205** | Street Address of Joint Debtor (No. and Street, City, and State):      ZIP CODE |
| County of Residence or of the Principal Place of Business: **KINGS** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):      ZIP CODE | Mailing Address of Joint Debtor (if different from street address):      ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):      ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (04/13)

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s): SURROUNDART MANAGEMENT, LLC** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | **See Attachment 1: Pending Cases** |
| Name of Debtor:  **SURROUNDART STORAGE LLC** | Case Number: | Date Filed: **March 19, 2014** |
| District:  **EASTERN DISTRICT NEW YORK** | Relationship: **AFFILIATE** | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)      (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐     Yes, and Exhibit C is attached and made a part of this petition.

☐     No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐     Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐     Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                          Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):  **SURROUNDART MANAGEMENT, LLC** |
|---|---|

| **Signatures** | |
|---|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
  Signature of Debtor

X _____
  Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code.
   Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the
   chapter of title 11 specified in this petition.  A certified copy of the
   order granting recognition of the foreign main proceeding is attached.

X _____
  (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|

X _____
  Signature of Attorney for Debtor(s)
  **A. MITCHELL GREENE**
  Printed Name of Attorney for Debtor(s)
  **See Attachment 2**
  Firm Name

  **875 THIRD AVENUE, 9TH FLOOR**
  **NEW YORK, New York 10022**
  Address
  **(212) 603-6300**
  Telephone Number

  3/19/14
  Date

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Signature

_____
Date

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
  Signature of Authorized Individual
  **B. KELE MCCOMSEY**
  Printed Name of Authorized Individual
  **PRESIDENT**
  Title of Authorized Individual
  3/19/14
  Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# Attachment

**Attachment 1: Pending Cases**

      **Name of Debtor:  SURROUNDART LLC**
      **Date Filed:  March 19, 2014**
      **District: EASTERN DISTRICT NEW YORK**
      **Relationship:  AFFILIATE**

**Attachment 2**
      **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                              Chapter 11

**SURROUNDART MANAGEMENT, LLC,**                    Case No.:

                             Debtor.
--------------------------------------------------------X

## CERTIFICATION OF RESOLUTION

    I, the undersigned, president of **Surroundart Management, LLC (the "Company")**, do

hereby certify that at a meeting of the Company duly called and held on **March 19 2014**, the

following resolutions were adopted and recorded in the Minute Book of the Company, and they

have not been modified or rescinded, and are still in full force and effect:

            "**RESOLVED,** that in the judgment of the Company it is
desirable and in the best interest of the Company, its creditors,
partners and other interested parties, that a petition be filed by the
Company for relief under Chapter 11 of title 11 of the United
States Code (the "Bankruptcy Code"); and it is further

            "**RESOLVED,** that the form of petition under Chapter 11
presented to this meeting is approved and adopted in all respects,
and that **B. Kele McComsey**, president of the Company, is
authorized to execute and verify a petition substantially in such
form and to cause the same to be filed with the United States
Bankruptcy Court for the Eastern District of New York at such
time as he shall determine; and it is further

            "**RESOLVED,** that **B. Kele McComsey**, president of the
Company, is authorized to execute and file all petitions,
reorganization schedules, lists and other papers and to take any and
all other actions which he may deem necessary or proper in
connection with such Chapter 11 case, and, in that connection, that
the firm of Robinson Brog Leinwand Greene Genovese & Gluck
P.C. be retained and employed as legal counsel for the Company
under a general retainer, in addition to such special counsel as may
hereafter become necessary or proper with a view to the successful
conclusion of such Chapter 11 case."

**IN WITNESS WHEREOF,** I have hereunto set my hand and seal of the Company this 19 day of **March, 2014**.

President _____

/s/ _____

B. Kele McComsey

652181

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022-0123
(212) 603-6300
A. Mitchell Greene, Esq.
*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SURROUND ART MANAGEMENT, LLC** | Case No. |
| **Debtor.** | |

-------------------------------------------------------x

| | |
|---|---|
| **In Re:** | |
| **SURROUND ART STORAGE, LLC, LLC** | Chapter 11 |
| **Debtor.** | Case No. |

_____

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SURROUND ART, LLC** | Case No. |
| **Debtor.** | |

-------------------------------------------------------x

**DECLARATION OF B. KELE MCCOMSEY PURSUANT TO
RULE 1007-4 OF THE LOCAL BANKRUPTCY RULES FOR THE
EASTERN DISTRICT OF NEW YORK**

B. Kele McComsey, President of Surround Art Management, LLC ("SAM"),

Surruond Art Storage, LLC ("SAS") and Surround Art LLC ("LLC"), declares, pursuant to

section 1746 of title 28 of the United States Code, that:

## BACKGROUND and HISTORY OF THE DEBTORS

1.    I am the President of SAM, SAS and LLC (the "Debtors"), which entities collectively constitute a full service fine arts company specializing in exhibition design, fabrication, mount making, art installation, packing, crating, shipping and storage.  Through my position, I am familiar with the Debtor's day-to-day operations, business, and financial affairs. I submit this declaration in accordance with Local Bankruptcy Rule 1007-4.

2.    SAM is the 100% owner of SAS and LLC and is the entity that is the tenant that leases a portion of building 3 ("Building 3") and leases the entire building 25 ("Building 25")(collectively, the leased portion of Building 3 and Building 25 are referred to as the "Premises")  at the Brooklyn Navy Yard.  SAS is the entity that contracts with clients, such as museums, private collectors, or artists, to store artwork in a secure, climate controlled environment at the Premises.  LLC is the entity that specializes in crating, transportation and installation of artwork.  As will be more fully set forth herein, the Debtors have had active disputes with its landlord, the Brooklyn Navy Yard Development Corporation ("BNYDC"), regarding the construction of Building 25 that date as far back as 2007. These disputes relate to various construction defects and related sub-standard construction of Building 25 and the damages suffered by SAM, SAS and LLC from Hurricane Sandy. Together, these issues led to these entities seeking the protections afforded them by the United States Bankruptcy Code in order to reach a global resolution with the BNYDC and be in a position to stabilize its businesses and emerge as reorganized entities.

3.    The 90,000 square feet that SAM leases in Building 25 consists of storage space, viewing rooms, private client storage chambers and conservation studios. Building 25 suffered significant damage from Hurricane Sandy in October 2012, when three (3) feet of the entire

ground floor was flooded, damaging the building, the artwork stored in it and rendering the entire first floor space at Building 25 for the most part unuseable by SAS in the operation of its storage/warehousing business. As a result, the Debtors lost all of the income generated by the use of the ground floor at Building 25, resulting in an estimated $80,000 per month operating deficit which substantially and negatively impacted the Debtors' cash flow since that date.

4.      Further,  the Federal Emergency Management Agency ("FEMA") issued changes to the preliminary revised flood zones,  resulting in SAM and its affiliates being unable to procure the necessary flood insurance  covering the artwork which was to be located in that space. This further damaged SAM and its affiliates ability to operate in accordance with the lease and to operate profitably from the Building 25.

5.      The Debtors developed their businesses in New York after the success of Surround Art, DC, a related, non-debtor entity, established by former Smithsonian employees in Washington D.C.  SAM, SAS and LLC commenced operations and sought opportunities to lease space to operate their inter-related businesses.  LLC was established in September, 2004; SAS was established in June 2006; and SAM was established in November 2007.  Currently, SAM occupies approximately 7,000 square feet at Building 3 and leases the entire Building 25 from the BNYDC.  While initially operating from approximately 8000 square feet in Building 3, SAS was highly successful and elected to pursue an expansion at the Navy Yard, seeking to lease additional space in Building 3 on the 4th, 10th and 11th floors.  This new space, which had been unoccupied for years, required substantial renovation.  The BNYDC was to be responsible for the outside construction, including window installation and sealing of windows and the upgrade of the electrical service.  SAS was to be responsible for the interior space. There was an almost

immediate delay in the BNYDC's construction obligations as windows had not yet been procured for the premises and the electrical service upgrade not provided.

6.    At this point in time, a group of investors joined and SAM was formed. SAM, SAS and LLC recognized that the nature of the business in the New York art market includes many heavy and oversized pieces that won't fit in freight elevators so ground floor space was a priority in expanding the business. In November 2007, SAM announced its plans to lease from BNYDC the to-be-constructed Building 25 from which it, SAM and LLC would operate their businesses. A press release announcing the expansion plans is attached hereto as Exhibit A. After the lease was negotiated, there were continuous delays by BNYDC's construction team in the construction and completion of the building which delays continued through at least June 2011.

7.    Subsequent to the 2007 lease negotiations for Building 25, the housing and stock markets crashed. As a result of the ensuing economic turmoil, SAM's investors were unable to move forward with their planned $3.2 million investment in SAM to provide additional working capital. Recognizing the investor's difficulties, Michael M. Murray, SAM's then CEO, commenced discussions with BNYDC to renegotiate the lease terms and reduce the rents. Mr. Murray was aware that SAS had fallen behind in its rental obligations to BNYDC for Building 3 and that SAM had purchased an expensive HVAC unit and contracted with architects for the Building 25 interior construction, but had limited access to new working capital from its investors and would not be in a position to fund these expenses going forward without lease concessions from BNYDC.   Murray's negotiations resulted in an agreement whereby, although BNYDC would continue to generate rent invoices for Building 3, as a *quid pro quo* due to the fact construction had not been completed on Building 25, BNYDC would not require the rent be

paid by SAM and the parties would negotiate a global resolution of these issues once Building 25 was ready for occupancy. I am advised by Mr. Murray that numerous communications between Mr. Murray and BNYDC assured him that arrangements would be made for SAM to take possession of Building 25 and pay BNYDC appropriately adjusted rent and additional rent. Unfortunately these oral assurances were not reduced to writing and while SAM relied upon these communications and representations by BNYDC, the relationship between the parties later unraveled throughout the construction process and accelerated subsequent to the January 2014 the change in mayoral administration. However, during this period of time that the assurances were made, in reliance thereon, the Debtors were continuing to incur substantial fees to engineers and architects as well as incurring substantial costs purchasing and installing equipment at the Premises.

8. Construction issues plagued Building 25 from its inception. In 2009, the BNYDC notified SAM that Building 25 was ready for occupancy. However, SAM determined that the notification for occupancy was premature when they observed water running underneath the drywall. The BNYDC construction supervisor and CFO inspected the premises and when a wall was opened up it was determined that the windows on the north side of Building 25 were improperly installed by the BNYDC. After BNYDC's contractors purportedly remediated this issue, SAM's contractors returned to Building 25 to install the HVAC units it had purchased. In anticipation of the completion of Building 25, SAS also proceeded to procure paying clients for the space by executing warehouse agreements with a variety of storage clients, including the Lichtenstein Foundation.

9. In order to warehouse fine art, the Premises are required to be climate controlled and maintained at 70 degrees with 50% humidity, which is considered the ideal environment for

artwork.  However, after the HVAC system is installed at Building 25 and is operating, water is observed seeping through the walls on the south side of Building 25.  BNYDC is once again notified of this defect.

10.    Due to the inability if BNYDC to deliver Building 25 in a condition where it can be properly used by SAM and climate controlled, the relationship between the parties is rapidly deteriorating.  While BNYDC denies that the defects relate to Building 25's envelope, which is the responsibility of the Landlord, SAM's HVAC contractor states otherwise.  SAM's architect becomes involved in the dispute resolution and with the permission of the BNYDC, opens up the walls and finds that no insulation has been installed in many areas and that plastic sheeting has been stapled behind the drywall to create a vapor barrier which the building plans did not call for.  Indeed, the contractors are concerned that the lack of insulation was directly responsible for the condensation in the building which was preventing Building 25 from being able to maintain the climate controlled conditions required for SAS to successfully use the space.  With priceless artwork at stake, the discovery of the lack of insulation raised the question whether this defect was an isolated construction error or a problem that infects all of Building 25. Although the BNYDC engineer performed a thermal imaging study and their architect asserts that this issue is limited to the south side of the premises, this issue was never fully resolved.

11.    However, other latent defects in BNYDC's construction work were later uncovered. For example, the west side of the premises abuts a co-generation plan which requires non-flammable insulation to be installed on that wall.  SAM opens up a part of this wall and finds that the insulation which has been installed is labeled as flammable and immediately notifies the BNYDC that the west side wall is not fire proof.  As a result of the discovery of these numerous BNYDC construction defects, the South, West and North walls need to be completely

stripped and reinsulated, which will result in a complete loss to SAM from the already completed interior build out created for the Lichtenstein Foundation at Building 25.

12.     As a consequence of BNYDC's improper construction of Building 25, the Debtors' clients are unable to occupy their warehouse space and remain "on hold" until they can be assured that the building defects will not compromise their valuable and irreplaceable artwork.

13.     By 2011, Building 25 had not yet been delivered in accordance with the lease, BNYDC and SAM reach an agreement that provides for: (1) the rental arrears due on Building 3 to be rolled into a promissory note with the first payment due in January 2012, (2) forgiveness of rent for the space in Building 25 for which SAM never took possession, and (3) a reduction on rent at Building 25 with certain amounts deferred to approximately 2018.  I am advised that the BNYDC also sought Mr. Murray's agreement to testify against their construction team and to assist the BNYDC in their recoupment as against the construction team, however, while a cooperation agreement was drafted for Mr. Murray's signature, it was never executed and SAM, SAS and LLC are unaware of any claims or litigation being pursued by the BNYDC with regard to the numerous building defects.

14.     In 2011, the BNYDC claimed that Building 25 has been delivered, but SAM did not accept possession of Building 25 as the window frames remain improperly installed and continued to cause condensation.  In July 2011, while SAM does not agree that the building has been delivered in accordance with the lease, SAM and the BNYDC execute a lease amendment acknowledging: (1) that it has taken full possession of the premises, (2) acknowledging the execution of a promissory note in favor of the BNYDC in the amount of $648,085.82, and (3)

acknowledging the BNYDC's waiver of $2,735,269.04 in rent and additional rent billed through June 30, 2011 owed by SAM to the BNYDC. The lease amendment contains a provision that rental payments are to commence effective July 1, 2011, but that rent for July, August and September will be reduced with the balance due for those three (3) months to be deferred until the 11th year of the lease.

15.    Thereafter, the Debtors attempted to live up to the agreement by commencing to pay rent and making payments on the promissory note to BNYDC, however, the Debtors are suffering from cash flow shortfalls and are eventually unable to pay rent and other obligations on a timely basis.

16.    In 2012 the BNYDC commenced two (2) L&T proceedings against SAM and SAS and on September 28, 2012 obtained a warrant of eviction against SAM for the Building 25 premises. On October 17, 2012, the BNYDC also obtained a money judgment in the total amount of $804,998.00 against SAM in connection with the L&T proceeding. The BNYDC also commenced an action against SAM seeking summary judgment in lieu of complaint based upon the promissory note and in or about July 2012 obtained a judgment, issued on default, against SAM in the amount of $661,439.36.

17.    In October 2012, Hurricane Sandy caused substantial damage to Building 25, rendering the ground floor unuseable. Claims were made by SAM against their applicable insurance policies for business interruption losses but the Debtors have yet to receive full payment on those claims. The Debtors also become subject to various claims by their clients for damage to artwork as a result of the storm. In addition, Lloyds, who provides fine art coverage to SAM, SAS and LLC, discontinued coverage for water damage from the sprinkler system. During this time period, the Debtors made reduced rent payments to BNYDC. In

order to maintain operations, certain investors, specifically David Oros, are covering the cash flow shortfalls to keep the Debtors' businesses running. In April, 2013, in response to a rent demand from BNYDC, Mr. Oros advanced the sum of $431,290 to cover rental arrears for Building 25 for the period October 2012 through March 2013. Eventually, after Mr. Murray stepped down, Mr. Oros took over as CEO of the Debtors and continued the Debtors' efforts to work out a global resolution with the Navy Yard to remain at the premises. Despite his proposing a 12 month extension which included Mr. Oros agreeing to personally cover the Debtors' cash flow shortfalls, the BNYDC continued with its efforts to evict the Debtors and pursue collection on all prior amounts due and owing pursuant to the amended lease and the promissory note.

18.    Most recently in February 2014, the BNYDC, by order to show cause, sought a TRO, removal of the L&T proceeding to the Supreme Court and the appointment of a receiver for the Debtors businesses. Although BNYDC had not sought to enforce its warrant of eviction for almost two years, and accepted thousands of dollars in rent payment after obtaining the warrant, its most recent action in seeking the appointment of a receiver signaled an end to any dialogue between the parties. These chapter 11 petitions followed.

19.    The foregoing constitutes a brief recitation of the background leading to the filing of these chapter 11 cases. The Debtors will provide additional background post-petition.

## THE COMMENCEMENT OF THE CASE

20.    On March 19, 2014, SAM, SAS and LLC (the "Debtors") each filed voluntary Chapter 11 petitions pursuant to 11 USC Section 101 et seq. (the "Bankruptcy Code") with the Clerk of this Court.

21.    I am authorized by the Debtors to submit this Declaration on the Debtors

behalf pursuant to Local Rule 1007-4.

## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-2

22.    Local Bankruptcy Rule 1007-4 requires certain information related to the

Debtors, which is set forth below

23.    The Debtors are not small business debtors within the meaning of Bankruptcy

Code §101(51D).

24.    The nature of the Debtors' businesses and the circumstances leading to the

filing of these cases is as set forth in the earlier section of this document.

25.    No committee has been formed or organized prior to the filing of these cases.

26.    A list of each of the Debtors 20 largest unsecured creditors is filed as an

attachment to each of the Debtors' relevant petitions.

27.    A schedule of each of the Debtors' secured creditors, amount of claim, and

description and estimate of the value of the collateral securing the claim is as set forth in

Schedule D attached to the Debtors' petitions.

28.    A summary of the Debtors' assets and liabilities is attached to the Debtors'

petitions.

29.    A list of equity security holders is attached to the Debtors' petitions.

30.    No property of the Debtors is in the possession, custody or control of a

custodian or receiver.

31.    Surround Art Management, LLC is party to a lease with the Brooklyn Navy

Yard Development Corporation for the premises commonly known as Building 25 at the

Brooklyn Navy Yard.

32.    Surround Art Management, LLC is party to a lease with the Brooklyn Navy Yard Development Corporation for suites 1105 and 1106 at the premises commonly known as Building 3 at the Brooklyn Navy Yard.

33.    The Debtors assets are primarily located at Buildings 3 and 25 at the Brooklyn Navy Yard.

34.    A schedule of pending litigation is attached as a schedule annexed to the Debtors' Statements of Financial Affairs.

35.    The Debtors officers and equity holders are set forth in the Debtors' lists of equity security holders and Statements of Financial Affairs attached to the Debtors' petitions.

36.    Estimated 30 day budgets for each of the Debtors are attached hereto as Exhibit B.

37.    The estimated amount of payroll for the next 30 days for SAM is $0.

38.    The estimated amount of payroll for the next 30 days for SAS is $30,500.

39.    The estimated amount of payroll for the next 30 days for LLC is $88,000. This amount is exclusive of officers and members.

40.    The estimated amount of payroll for the next 30 days for officers and members of LLC is $21,074.

41.    No financial or business consultants have been retained by the Debtors.

## **CONCLUSION**

42.     I declare under penalty of perjury that the foregoing is true and correct to the

best of my knowledge, information, and belief.

Dated: Brooklyn, New York
       March 19, 2014

<div style="margin-left: 50%;">

Surround Art Management, LLC
By: _____
B. Kele McComsey, President

Surround  Art, LLC
By: _____
B. Kele McComsey, President

Surround Art Storage, LLC
By: _____
B. Kele McComsey, President

</div>

EXHIBIT A





Brooklyn
NavyYard
Industrial Park

**SurroundArt to Establish Massive New Museum Resource Center at Brooklyn Navy Yard to Support New York Arts Community; Company Signs 20-Year Lease in the Nation's First "Green" Multi-Story, Multi-Company Industrial Building**

*New Building to Open Fall 2008 Brings SurroundArt's Total Space in the Navy Yard to 167,000 Square Feet While Adding over 100 New Jobs*

**Brooklyn, NY – Nov. 14, 2007 –** SurroundArt, a leading provider of fine arts services, today announced plans to create a first-of-its-kind Museum Resource Center at the Brooklyn Navy Yard. The firm will lease a new, 89,000 square foot building now in construction near the Perry Avenue gate, as well as the immediately adjacent, historic 7,000 square foot Paymaster Building at the Navy Yard. The new green building is being developed by the Brooklyn Navy Yard Development Corporation, and will address a critical need for storage, conservation, and restoration space and related services for museums, galleries, foundations, and collectors in New York and beyond.

SurroundArt already occupies 71,000 square feet elsewhere in the Navy Yard, bringing the company's total leasing commitment to 167,000 square feet. SurroundArt provides a wide range of services including secure, temperature-controlled storage, crating, packing, transportation, fabrication, exhibition design, and installation. In the new Museum Resource Center, SurroundArt will provide some services directly and anticipates 5-10 subtenants to provide other services.

"SurroundArt's commitment to expanding in New York City at the Brooklyn Navy Yard exemplifies the diversity of New York's industrial landscape," said Deputy Mayor Patricia E. Harris. "This project reinforces the role of cultural activity as a potent force in New York City's urban revitalization, and embodies the Mayor's five borough economic development strategy and PlaNYC goals of creating a more sustainable City."

"Our vision to create the first Museum Resource Center for New York becomes a reality with today's announcement," said SurroundArt CEO Michael Murrray, a native of Brooklyn. "Our clients have felt the pinch as more and more industrial space in Manhattan has been converted to residential and commercial. With three buildings and 167,000 square feet at the Navy Yard, SurroundArt will become a much needed Fine Arts Campus, providing the space and services that the arts community requires to thrive. What's more, the sustainable, green building initiatives are very much in line with the artistic and cultural spirit of our company and clients."

"The SurroundArt expansion is powerful affirmation of the Mayor's commitment to expanding industrial activity in the Navy Yard and our confidence in putting up new multi-story industrial buildings on spec," said Brooklyn Navy Yard President and CEO Andrew Kimball.  "Whether it is film, food, furniture or fine arts, the Navy Yard is aggressively tapping into industrial growth sectors in New York City, and particularly Brooklyn, that capitalize on the creative talents of the local workforce."

The Navy Yard is already home to a growing base of creative companies, including Steiner Studios, the nation's largest production facility outside of Hollywood. SurroundArt has made a significant commitment to create new jobs and opportunities. The new lease agreements are expected to create more than 100 new jobs in addition to the 50 already employed by SurroundArt.

The new building, already 50 percent complete, will become the nation's first multi-story, multi-tenanted Leadership in Energy and Environmental Design (LEED) Silver Industrial Building, as certified by the U.S. Green Building Council. The building will incorporate several sustainable/green design elements, including a wind turbine that will supply part of the building's energy, a high-performance thermal envelope, waterless urinals, a storm-water harvesting system, a natural ventilation system and recycled materials. The ground floor of the new building offers 36,300 square feet with 28-foot ceilings, two loading docks, and two additional loading areas. The two upper floors offer 25,300 square feet with 18-foot ceilings, a pull-in loading area, and two 8,000-pound capacity elevators.

"In addition to green industrial buildings, the Navy Yard has undertaken a series of other sustainability initiatives," Kimball added. "Our goal is to be a national model for sustainable industrial parks, a good neighbor to the surrounding communities, and a beacon for the increasing number of companies to seek to green their businesses."

SurroundArt employees are among the most trusted art handlers in the world, including Senior Partner Kele McComsey, an internationally renowned expert who is responsible for the design, operation, and ongoing improvement of all SurroundArt's products and services. SurroundArt clients include some of the largest and most respected institutions in NYC and the world. Notable projects have included *Tutankhamun and the Golden Age of the Pharaohs* exhibit for Arts and Exhibitions International; and *Fabergé: Treasures from the Kremlin*, for the Bellagio Gallery of Fine Art, Las Vegas.

**About SurroundArt**
SurroundArt is a full-service museum resource company with offices, workrooms, and warehouses in New York and Washington, DC. Founded in 1998, the company supports the international fine arts community by providing a wide array of services, including temperature-controlled and secure storage, crating, packing, transportation, fabrication, design, and art handling. To accommodate its growth, SurroundArt is developing a unique and expansive "fine arts campus" at the Brooklyn Navy Yard, with more than 165,000 square feet of space under management.   Staffed by museum-trained professionals, who are educated in fine arts and passionate about their craft, SurroundArt has become a trusted resource to many of the largest and most respected museums, foundations and private collectors in the world.   More information can be found at www.surroundart.com.

**About the Brooklyn Navy Yard**

BNYDC is the not-for-profit corporation that manages the Brooklyn Navy Yard on behalf of its owner, the City of New York.  BNYDC leases space in the Yard, promotes local economic development, develops underutilized areas and oversees modernization of the Yard's infrastructure.  The corporation's board of directors is comprised of leaders of Brooklyn's economic development community.  It is chaired by Alan H. Fishman, Chairman of Meridian Capital Group, LLC.

Established in 1801, the Brooklyn Navy Yard served as one of America's preeminent military facilities for more than 150 years.  Closed by the federal government in 1966, the City of New York subsequently assumed ownership and re-opened the Yard as an industrial park. The Navy Yard now operates at 99 percent capacity and has for the last five years. The Navy Yard currently houses more than 230 private-sector firms that provide approximately 5,000 jobs, half of which are held by Brooklyn residents.

In October 2006, Mayor Bloomberg announced a seven-building expansion that is expected to generate up to 800 new jobs.  This expansion – the largest at the historic Navy Yard since World War II – will create more than 500,000 square feet of additional industrial capacity.  In addition, the plan includes a 60,000-square-foot supermarket on the perimeter of the Navy Yard to serve the needs of surrounding communities.  In February 2007, the Mayor and Steiner Studios announced a 289,000 square foot expansion of Steiner Studios that will create 550 jobs.  In May 2007, The Mayor and B&H Photo-Video announcement that it will build a new 400,000 to 600,000 square foot building in the Yard adding over 300 new jobs.  Cumulatively, these projects will add over 1.3 million square feet of new space in the Navy Yard and over 1,500 jobs.

**Contact Information:**
SurroundArt
Greg Abel - (410) 466-2210
greg@abelcommunications.net

Brooklyn Navy Yard
Lee Silberstein - (212) 889-0808
lee@themarino.org

EXHIBIT B

SAM 30 Day Operating Budget:

Income:

    Total estimated income:    $0

Expenses:

    Accounting Fees:    $250

Total Expenses:    $250

Net income:    ($250)

SAS 30 Day Operating Budget:

Income:

| | |
|---|---|
| Total estimated income: | $147,000 |

Expenses:

| | |
|---|---|
| Security | $2,500 |
| Insurance | $8,467 |
| Electric | $6,000 |
| Equipment Rental | $2,170 |
| Payroll | $30,500 |
| Garbage Removal | $1,896 |
| Natural Gas | $6,000 |
| Interest | $2,500 |
| Telephone | $515 |
| Miscellaneous | $2,300 |
| Total Expenses: | $62,848 |
| Net income: | $84,152 |

LLC 30 Day Operating Budget

Income:

|  | |
|---|---|
| Total estimated income: | $185,000 |

Expenses:

|  | |
|---|---|
| Insurance | $28,900 |
| COGS | $25,000 |
| Truck Rental & Fuel | $9,600 |
| Payroll | $88,000 |
| Payroll (officers) | $21,074 |
| Telephone | $1,570 |
| Miscellaneous | $9,400 |
| Total Expenses: | $183,544 |
| Net income: | $1,456 |

B 4 (Official Form 4) (12/07)

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF NEW YORK

In re   SURROUNDART MANAGEMENT, LLC,
_____
                    Debtor

Case No. _____

Chapter _____ 11 _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| (1)<br><br>*Name of creditor and complete mailing address, including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | (5)<br><br>*Amount of claim [if secured also state value of security]* |
|---|---|---|---|---|
| BNY DEVELOPMENT CORP. 63 FLUSHING AVENUE BUILDING 292 BROOKLYN, NEW YORK 11204 | DELIA M. GUAZZO GUAZZO & GUAZZO 711 THIRD AVENUE, 20TH FLOOR NEW YORK, NEW YORK 10017 | | This claim is contingent and disputed. | $3,746,255.64 |
| DAVID OROS 3355 KESWICK ROAD, SUITE 300 BALTIMORE, MARYLAND 21211 | | LOAN | | $2,613,289.01 |
| RALPH MARRA, SENIOR 12924 DRAKEFIELD DRIVE SPRINGHILL, FLORIDA 34610 | | LOAN | | $200,000.00 |
| LAWRENCE M. RIVITZ 3 DEVON HILL ROAD BALTIMORE , MARYLAND 21210 | | LOAN | | $200,000.00 |

B 4 (Official Form 4) (12/07)

| | | |
|---|---|---|
| H. POE LEBOW LTD 2 GARRISON FARMS CT BALTIMORE, MARYLAND 21208 | LOAN | $192,750.00 |
| BB-CC VENTURES, LLC 2545 WILKINS AVENUE BALTIMORE, MARYLAND 21223 | LOAN | $192,750.00 |
| RALPH MARRA 11521 BEAR PAW LANE PORT RICHEY, FLORIDA 34668 | LOAN | $164,000.00 |
| CHARLES NABIT C/O WESTPORT GROUP 17 COMMERCE STREET BALTIMORE, MARYLAND 21202 | LOAN | $157,000.00 |
| B. KELE MCCOMSEY 320 CLINTON AVENUE, 6B BROOKLYN, NEW YORK 11205 | UNPAID SALARY | $126,970.00 |
| EUGENE M. ALBERTELLI 305 EAST 91ST STREET, 4B NEW YORK, NEW YORK 10128 | | $77,934.00 |
| MICHAEL NIXON 678 10TH AVENUE BROOKLYN, NEW YORK 11215 | UNPAID SALARY | $60,647.00 |
| MICHAEL MURRAY 1 MAIN STREET, 9L BROOKLYN, NEW YORK 11201 | UNPAID SALARY | $54,397.00 |

B 4 (Official Form 4) (12/07)

| | | | |
|---|---|---|---|
| MICHAEL NIGRO<br>81 BILTMORE<br>BOULEVARD<br>MASSAPEQUA,<br>NEW YORK 50000 | LOAN | | $50,000.00 |
| STEPHEN M. PIOSO<br>8301 SPRAGUE<br>PLACE<br>NEW CARROLTON,<br>MARYLAND 20784 | LOAN | | $5,000.00 |
| SURROUNDART<br>LLC<br>63 FLUSHING<br>AVENUE, UNIT 154<br>BROOKLYN, New<br>York 11205 | | This claim is<br>contingent and<br>unliquidated. | Unknown |
| SURROUNDART<br>STORAGE LLC<br>63 FLUSHING<br>AVENUE, UNIT 154<br>BROOKLYN, New<br>York 11205 | | This claim is<br>contingent and<br>unliquidated. | Unknown |

Date: _____

_____
Debtor

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, B. KELE MCCOMSEY, of SURROUNDART MANAGEMENT, LLC named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Creditors Holding 20 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.

Date: _____3/15/14_____     _____
B. KELE MCCOMSEY,

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NEW YORK

In re

**SURROUNDART MANAGEMENT, LLC**      ,
                *Debtor*

Case No. _____

Chapter _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | | $ 0.00 | | |
| B - Personal Property | | | $ 100,097.40 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | $ 7,840,992.65 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | NO | | | | $ |
| J - Current Expenditures of Individual Debtors(s) | NO | | | | $ |
| TOTAL | | 0 | $ 100,097.40 | $ 7,840,992.65 | |

B6A (Official Form 6A) (12/07)

In re __SURROUNDART MANAGEMENT, LLC,_____          Case No. _____
                   **Debtor**                                                             **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Total ▶ | $0.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re <u>SURROUNDART MANAGEMENT, LLC,</u>                     Case No. _____
                           <u>Debtor</u>                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | HSBC ACCOUNT PO BOX 9, BUFFALO, NEW YORK 12240 | | $97.40 |
| | | SUNTRUST BANK ACCOUNT PO BOX 62227, ORLANDO, FLORIDA 32862 | | $100,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re  SURROUNDART MANAGEMENT, LLC, _____        Case No. _____
                          **Debtor**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | | | |
|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | |
| 16. Accounts receivable. | X | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | CLAIMS FOR DAMAGES AGAINST BNY DEVELOPMENT CORP. | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26. Boats, motors, and accessories. | X | | |
| 27. Aircraft and accessories. | X | | |
| 28. Office equipment, furnishings, and supplies. | X | | |

B 6B  (Official Form 6B) (12/2007)

In re **SURROUNDART MANAGEMENT, LLC,**
_____
                   **Debtor**

Case No. _____
                           **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | | | |
|---|---|---|---|
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | |
| 30. Inventory. | X | | |
| 31. Animals. | X | | |
| 32. Crops - growing or harvested. Give particulars. | X | | |
| 33. Farming equipment and implements. | X | | |
| 34. Farm supplies, chemicals, and feed. | X | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | |

2 continuation sheets attached     Total ▶

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

| |
|---|
| $100,097.40 |

B 6D (Official Form 6D) (12/07)

In re  **SURROUNDART MANAGEMENT, LLC**                    ,        Case No. _____
                    **Debtor**                                                          **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

[X]        Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**0**  continuation sheets attached

Subtotal ► (Total of this page)

Total ► (Use only on last page)

| | |
|---|---|
| $ | $ |
| $ | $ |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/13)

In re    **SURROUNDART MANAGEMENT, LLC** _____,        Case No._____
                                Debtor                                            *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____**2**___  continuation sheets attached

B 6E (Official Form 6E) (04/13) – Cont.

In re  SURROUNDART MANAGEMENT, LLC_____,          Case No. _____
                    Debtor                                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units** Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | | |
| CORP. COUNSEL FOR NEW YORK CITY (52 DUANE STREET, NEW YORK, New York 10007) 52 DUANE STREET NEW YORK, NY 10007 | | | | X | X | X | $0.00 | $0.00 | $0.00 |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |
| Account No. | | | | | | | | | |
| INTERNAL REVENUE SERVICE P.O. BOX 7346 PHILADELPHIA, PA 19114 | | | | X | X | X | $0.00 | $0.00 | $0.00 |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |
| Account No. | | | | | | | | | |
| NEW YORK STATE DEPARTMENT OF FINANCE (BANKRUPTCY/SPECIAL PROCEDURES SECT, P.O. BOX 5300, ALBANY, New York 12205-0300) BANKRUPTCY/SPECIAL PROCEDURES SECT, P.O. BOX 5300 ALBANY, NY 12205-0300 | | | | X | X | X | $0.00 | $0.00 | $0.00 |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |

Sheet no. **1** of **2** continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals➤
(Totals of this page)    $ 0.00   $ 0.00   $0.00

Total➤
(Use only on last page of the completed Schedule E.  Report also on the Summary of Schedules.)   $

Totals➤
(Use only on last page of the completed Schedule E.  If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)   $   $

B 6E (Official Form 6E) (04/13) – Cont.

In re SURROUNDART MANAGEMENT, LLC_____ ,          Case No. _____
                    Debtor                                                          (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units** Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | | |
| NYC DEPARTMENT OF FINANCE ATTN: LEGAL AFFAIRS - DEVORA COHN, 345 ADAMS STREET, 3RD FL BROOKLYN, NY 11201 | | | | X | X | X | $0.00 | $0.00 | $0.00 |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |
| Account No. | | | | | | | | | |
| OFFICE OF THE ATTORNEY GENERAL THE CAPITOL ALBANY, NY 12224 | | | | X | X | X | $0.00 | $0.00 | $0.00 |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |
| Account No. | | | | | | | | | |
| UNITED STATES ATTORNEY'S OFFICE SOUTHERN DISTRICT OF NEW YORK ATTN: TAX & BANKRUPTCY UNIT, 86 CHAMBERS STREET, THIRD FLOOR NEW YORK, NY 10007 | | | | X | X | X | $0.00 | $0.00 | $0.00 |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |

Sheet no. _2_ of _2_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals➤ (Totals of this page)    $    0.00    $    0.00    $0.00

Total➤
(Use only on last page of the completed Schedule E.  Report also on the Summary of Schedules.)    $    0.00

Totals➤
(Use only on last page of the completed Schedule E.  If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)    $    0.00    $    0.00

B 6F (Official Form 6F) (12/07)

In re **SURROUNDART MANAGEMENT, LLC**_____,    Case No. _____
                          Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** | | | | | | | |
| **B. KELE MCCOMSEY 320 CLINTON AVENUE, 6B BROOKLYN, NY 11205** | | | | | | | $126,970.00 |
| **ACCOUNT NO.** | | | | | | | |
| **BB-CC VENTURES, LLC 2545 WILKINS AVENUE BALTIMORE, MD 21223** | | | | | | | $192,750.00 |
| **ACCOUNT NO.** | | | | | | | |
| **BNY DEVELOPMENT CORP. 63 FLUSHING AVENUE BUILDING 292 BROOKLYN, NY 11204** | | | | X | | X | $3,746,255.64 |
| Additional Contacts for BNY DEVELOPMENT CORP.: **DELIA M. GUAZZO GUAZZO & GUAZZO 711 THIRD AVENUE, 20TH FLOOR NEW YORK, NY 10017** | | | | | | | |

Subtotal▶    $  **4,065,975.64**

**4**  continuation sheets attached

Total▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re  SURROUNDART MANAGEMENT, LLC_____ ,          Case No. _____
                          Debtor                                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| CHARLES NABIT C/O WESTPORT GROUP 17 COMMERCE STREET BALTIMORE, MD 21202 | | | | | | | $157,000.00 |
| ACCOUNT NO. | | | | | | | |
| DAVID OROS 3355 KESWICK ROAD, SUITE 300 BALTIMORE, MD 21211 | | | | | | | $2,613,289.01 |
| ACCOUNT NO. | | | | | | | |
| EUGENE M. ALBERTELLI 305 EAST 91ST STREET, 4B NEW YORK, NY 10128 | | | | | | | $77,934.00 |
| ACCOUNT NO. | | | | | | | |
| H. POE LEBOW LTD 2 GARRISON FARMS CT BALTIMORE, MD 21208 | | | | | | | $192,750.00 |

Sheet no. __1__ of __4__ continuation sheets attached          Subtotal▶  $    3,040,973.01
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

                                                              Total▶   $
                                          (Use only on last page of the completed Schedule F.)
                               (Report also on Summary of Schedules and, if applicable on the Statistical
                                       Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **SURROUNDART MANAGEMENT, LLC**          ,          Case No. _____
          **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** <br><br> LAWRENCE M. RIVITZ <br> 3 DEVON HILL ROAD <br> BALTIMORE , MD 21210 | | | | | | | $200,000.00 |
| **ACCOUNT NO.** <br><br> MICHAEL MURRAY <br> 1 MAIN STREET, 9L <br> BROOKLYN, NY 11201 | | | | | | | $54,397.00 |
| **ACCOUNT NO.** <br><br> MICHAEL NIGRO <br> 81 BILTMORE BOULEVARD <br> MASSAPEQUA, NY 50000 | | | | | | | $50,000.00 |
| **ACCOUNT NO.** <br><br> MICHAEL NIXON <br> 678 10TH AVENUE <br> BROOKLYN, NY 11215 | | | | | | | $60,647.00 |

Sheet no. __2__ of __4__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $  365,044.00

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re  SURROUNDART MANAGEMENT, LLC_____,        Case No. _____
                    Debtor                                                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** <br><br> **RALPH MARRA** <br> **11521 BEAR PAW LANE** <br> **PORT RICHEY, FL 34668** | | | | | | | $164,000.00 |
| **ACCOUNT NO.** <br><br> **RALPH MARRA, SENIOR** <br> **12924 DRAKEFIELD DRIVE** <br> **SPRINGHILL, FL 34610** | | | | | | | $200,000.00 |
| **ACCOUNT NO.** <br><br> **STEPHEN M. PIOSO** <br> **8301 SPRAGUE PLACE** <br> **NEW CARROLTON, MD 20784** | | | | | | | $5,000.00 |
| **ACCOUNT NO.** <br><br> **SURROUNDART LLC** <br> **63 FLUSHING AVENUE, UNIT 154** <br> **BROOKLYN, NY 11205** | | | | X | X | | Unknown |

Sheet no. __3__ of __4__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤  $ **369,000.00**

Total➤  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **SURROUNDART MANAGEMENT, LLC**              ,          Case No. _____
                        **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** **SURROUNDART STORAGE LLC** **63 FLUSHING AVENUE, UNIT 154** **BROOKLYN, NY 11205** | | | | X | X | | **Unknown** |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. __4__ of __4__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal▶ | $ | **0.00** |
| Total▶ (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.) | $ | **7,840,992.65** |

B 6G (Official Form 6G) (12/07)

In re **SURROUNDART MANAGEMENT, LLC,** _____          Case No. _____
                            Debtor                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| BNY DEVELOPMENT CORPORATION<br>63 FLUSHING AVENUE<br>BUILDING 292<br>BROOKLYN, NY 11204 | Description: COMMERCIAL LEASE<br><br>Nature of Debtor's Interest: LESSEE<br><br>Lease is for nonresidential real property. |

B 6H (Official Form 6H) (12/07)

In re  SURROUNDART MANAGEMENT, LLC,                          Case No. _____
                        **Debtor**                                                          **(if known)**

# SCHEDULE H - CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **SURROUNDART MANAGEMENT, LLC**
‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ,    Case No. _____
                     Debtor                                                 (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

       I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____           Signature: _____
                                                                         Debtor

Date _____           Signature: _____
                                                      (Joint Debtor, if any)

                                    [If joint case, both spouses must sign.]

------------------------------------------------------------------------

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

       I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,         Social Security No.
of Bankruptcy Petition Preparer                *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____       _____
  Signature of Bankruptcy Petition Preparer               Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

      I, the  **B. KELE MCCOMSEY**  [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____**See Attachment 1**_____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**16**__ sheets *(Total shown on summary page plus 1)*, and that they are true and correct to the best of my knowledge, information, and belief.

Date ____**3/19/14**____                  Signature: _____

                                            **B. KELE MCCOMSEY**
                                            [Print or type name of individual signing on behalf of debtor.]
                                            **PRESIDENT**

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

------------------------------------------------------------------------

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# Attachment

**Attachment 1**

SURROUNDART MANAGEMENT, LLC

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF NEW YORK

In re: SURROUNDART MANAGEMENT, LLC _____    Case No _____
_____
Debtor                                                                                        (if known)

## STATEMENT OF FINANCIAL AFFAIRS

**1. Income from employment or operation of business**

None
☒

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                         SOURCE

**2. Income other than from employment or operation of business**

None
☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                         SOURCE

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☒

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

*b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within* **90 days** *immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225\*. If the debtor is an individual, indicate with an asterisk (\*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)*

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

Debtor:
AVAILABLE UPON REQUEST

None
☒

*c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

Debtor:
SEE ATTACHED
Case Number:

None
☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

\* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**5. Repossessions, foreclosures and returns**

None ☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor: ROBINSON BROG 875 THIRD AVENUE NEW YORK, NEW YORK 10022 | 3/2014 | $20,000.00 RETAINER AND FILING FEE |

**10. Other transfers**

None
☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial

institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

---

### 12. Safe deposit boxes

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

---

### 13. Setoffs

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

### 14. Property held for another person

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

---

### 15. Prior address of debtor

None
☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---------|-----------|--------------------|

---

**16. Spouses and Former Spouses**

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|-----------------------|---------------------------------------|----------------|-------------------|

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|-----------------------|---------------------------------------|----------------|-------------------|

None
☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---------------------------------------|---------------|-----------------------|

**18 . Nature, location and name of business**

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Debtor: SURROUNDAR T LLC | / 20-0481515 | 63 FLUSHING AVENUE, UNIT 154 BROOKLYN, NEW YORK 11205 | FINE ARTS SERVICES | Beginning Date: 2007 Ending Date: PRESENT |
| SURROUNDAR T STORAGE LLC | / 20-5092226 | 63 FLUSHING AVENUE BROOKLYN, NEW YORK 11205 | STORAGE | Beginning Date: 2007 Ending Date: PRESENT |

None
☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Debtor:<br>JURGA OZERTSOVSKI<br>3073 EMMONS AVENUE, 2ND FLOOR<br>BROOKLYN, NEW YORK 11235 | PAST TWO YEARS |
| JOLANTA MECKAUSKAITE<br>227 SULLIVAN STREET, 2C<br>NEW YORK, NEW YORK 10012 | PAST TWO YEARS |
| EUGENE ALBERTELLI<br>305 EAST 91ST STREET, 4B<br>NEW YORK, NEW YORK 10128 | PAST TWO YEARS |

None
☐
b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| Debtor:<br>CIRO V. CUONO | O'CONNOR DAVIES, LLP, 500 MAMARONECK AVENUE, SUITE 301 HARRISON, NEW YORK 10528 | |

None
☐
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Debtor:<br>DESANTIS, KIEFER, SHALL & SARCONE | 1675 RICHMOND ROAD STATEN ISLAND, NEW YORK 10304 |

None
☒
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| Debtor: | |

---

**20. Inventories**

None
☒
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| Debtor: | | |

None
b. List the name and address of the person having possession of the records of each of the inventories reported

☒        in a., above.

                              NAME AND ADDRESSES
                              OF CUSTODIAN
        DATE OF INVENTORY     OF INVENTORY RECORDS

        Debtor:

---

**21. Current Partners, Officers, Directors and Shareholders**

None
☒       a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
        partnership.

        NAME AND ADDRESS          NATURE OF INTEREST          PERCENTAGE OF INTEREST

        N/A

None
☐       b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
        directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the
        corporation.

                                                             NATURE AND PERCENTAGE
        NAME AND ADDRESS          TITLE                       OF STOCK OWNERSHIP

        DAVID OROS                                            OWNERSHIP INTEREST
        621 EAST PRATT STREET, SUITE                          44.4
        601
        BALTIMORE, MARYLAND 21202

        LAWRENCE RIVITZ                                       OWNERSHIP INTEREST
        3 DEVON HILL ROAD                                     9.7
        BALTIMORE , MARYLAND 20210

        MICHAEL NIGRO                                         OWNERSHIP INTEREST
        81 BILTMORE ROAD                                      6.9
        MASSAPEQUA, NEW YROK 11758

        CHARLES BAUM
        2545 WILKINS AVENUE                                   5.8
        BALTIMORE, MARYLAND 21223

        H. POE LEBOW
        2 GARRISON FARMS COURT                                5.8
        BALTIMORE, MARYLAND 5.78

        MICHAEL MURRAY
        1 MAIN STREET, 9L                                     8.8
        BROOKLYN, NEW YORK 11201

        BRADFORD K. MCCOMSEY
        210 CLINTON AVENUE, 6B                                8.8
        BROOKLYN, NEW YORK 11205

---

**22. Former partners, officers, directors and shareholders**

None
☒       a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
        preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|
| N/A | | |

None
☒

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|
| N/A | | |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☒

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| N/A | | |

---

**24. Tax Consolidation Group.**

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

---

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date ____3/19/14____        Signature _____

Print Name
and Title        B. KELE MCCOMSEY, PRESIDENT

0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

In re SurroundArt Management LLC
Statement of Financial Affairs: Question 4.

| Case No. | CLAIMS MADE BY or BEHALF | WHERE | Nature of | COMPANY NAMED | STATUS |
|---|---|---|---|---|---|
| Index # 500635/2012 | Brooklyn Navy Yard Development<br>Corporation | Supreme Court of the State of<br>New York,<br>County of Kings | Breach of contract<br>damages in<br>the sum of<br>$648,085.82 | Surround Art<br>Management LLC<br>SurroundArt | pending |
| Index # 063813/2012 | Brooklyn Navy Yard Development<br>Corporation | Supreme Court of the State of<br>New York, | Money judgment only | Management LLC<br>SurroundArt | judgment |
| Index # 063814/2012 | Brooklyn Navy Yard Development<br>Corporation | Supreme Court of the State of<br>New York, | Money judgment only | Management LLC | judgment |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In Re:  SURROUNDART
      MANAGEMENT, LLC,
            Debtor

                          Case No.

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007, Fed. R. Bank. P. for filing in this Chapter 11 case.

| Security Holder's Registered Name and Last Known Address or Place of Business | Class of Security | Number of Securities or Percentage | Kind of Interest |
|---|---|---|---|
| DAVID OROS<br>621 EAST PRATT STREET<br>BALTIMORE , MARYLAND 21202 | | 44.35% | MEMBERSHIP |
| LAWRENCE RIVITZ<br>3 DEVON HILL ROAD<br>BALTIMORE , MARYLAND 20210 | | 9.71% | MEMBERSHIP |
| MICHAEL NIGRO<br>81 BILTMORE ROAD<br>MASSAPEQUA, NEW YORK 11758 | | 6.93% | MEMBERSHIP |
| CHARLES NABIT<br>17 COMMERCE STREET<br>BALTIMORE, MARYLAND 21202 | | 3.86% | MEMBERSHIP |
| RALPHA MARRA<br>77 BROAD STREET<br>RED BANK, NEW JERSEY 07760 | | 1.93% | MEMBERSHIP |
| CHARLES BAUM<br>2545 WILKINS AVENUE<br>BALTIMORE , MARYLAND 21223 | | 5.78% | MEMBERSHIP |
| H. POE LEBOW<br>2 GARRISON FARMS COURT<br>BALTIMORE , MARYLAND 21208 | | 5.78% | MEMBERSHIP |

| | | | |
|---|---|---|---|
| MICHAEL MURRAY<br>1 MAIN STREET, 9L<br>BROOKLYN, NEW YORK 11201 | | 8.83% | MEMBERSHIP |
| BRADFORD K. MCCOMSEY<br>210 CLINTON AVENUE, 6B<br>BROOKLYN, NEW YORK 11205 | | 8.83% | MEMBERSHIP |
| STEPHEN PIOSO<br>8301 SPRAGUE PLACE<br>NEW CARROLTON, MARYLAND<br>20784 | | 2% | MEMBERSHIP |
| MICHAEL NIXON<br>678 10TH AVENUE<br>BROOKLYN, NEW YORK 11215 | | 1% | MEMBERSHIP |
| EUGENE M. ALBERTELLI<br>305 EAST 91ST STREET, 4B<br>NEW YORK, NEW YORK 10128 | | 1% | MEMBERSHIP |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, B. KELE MCCOMSEY, PRESIDENT of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing **List of Equity Security Holders** and that it is true and correct to the best of my information and belief.

Date: 3/19/14

Signature: /S. Kele McComsey/

Printed Name: B. KELE MCCOMSEY

Title: PRESIDENT

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.**

B 203
(12/94)

# United States Bankruptcy Court

## EASTERN DISTRICT OF NEW YORK

In re

**SURROUNDART MANAGEMENT, LLC**

Case No. _____

**Debtor**

Chapter **11**_____

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **20,000.00**____

    Prior to the filing of this statement I have received  . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **20,000.00**____

    Balance Due  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00**_____

2.  The source of the compensation paid to me was:

    [X] Debtor          ☐ Other (specify)

3.  The source of compensation to be paid to me is:

    ☐ Debtor          ☐ Other (specify)

4.  [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)**

    d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

3/19/14
_____
*Date*

_____
A. MITCHELL GREENE
*Signature of Attorney*

_____
**See Attachment 1**
*Name of law firm*

# Attachment

**Attachment 1**

    ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

# United States Bankruptcy Court
### Eastern District of New York

In re **SURROUNDART MANAGEMENT, LLC**

Case No.

Debtor.

Chapter **11**

## STATEMENT OF CORPORATE OWNERSHIP

Comes now <u>SURROUNDART MANAGEMENT, LLC</u> (the "Debtor") and pursuant to Fed. R. Bankr. P. 1007(a) and 7007.1 state as follows:

_____ All corporations that directly or indirectly own 10% or more of any class of the corporation's equity interests are listed below:

OR,

__X__ There are no entities to report.

By:_____
    **A. MITCHELL GREENE**
    Signature of Attorney

Counsel for
Bar no.:
Address.: **875 THIRD AVENUE, 9TH FLOOR**
          **NEW YORK, New York 10022**

Telephone No.: **(212) 603-6300**
Fax No.:
E-mail address:

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

```
-----------------------------------------------------x
```
**In Re:**

    **SURROUNDART MANAGEMENT, LLC**       **Case No.**

                                         **Chapter  11**

                         **Debtor(s)**
```
-----------------------------------------------------x
```

# VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS

        The undersigned debtor(s) or attorney for the debtor(s) hereby verifies that the creditor matrix/list of creditors submitted herein is true and correct to the best of his or her knowledge.

Dated: *3/15/14*

_____
Debtor

_____
Joint Debtor

_____
Attorney for Debtor

B. KELE MCCOMSEY
320 CLINTON AVENUE 6B
BROOKLYN NY 11205


BB-CC VENTURES, LLC
2545 WILKINS AVENUE
BALTIMORE MD 21223


BNY DEVELOPMENT CORP.
63 FLUSHING AVENUE
BUILDING 292
BROOKLYN NY 11204


BNY DEVELOPMENT CORPORATION
63 FLUSHING AVENUE
BUILDING 292
BROOKLYN NY 11204


CHARLES NABIT
CO WESTPORT GROUP
17 COMMERCE STREET
BALTIMORE MD 21202


CORP. COUNSEL FOR NEW YORK CITY (52 DUAN
52 DUANE STREET
NEW YORK NY 10007


DAVID OROS
3355 KESWICK ROAD SUITE 300
BALTIMORE MD 21211


DELIA M. GUAZZO
GUAZZO  GUAZZO
711 THIRD AVENUE 20TH FLOOR
NEW YORK NY 10017


EUGENE M. ALBERTELLI
305 EAST 91ST STREET 4B
NEW YORK NY 10128

H. POE LEBOW LTD
2 GARRISON FARMS CT
BALTIMORE MD 21208


INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19114


LAWRENCE M. RIVITZ
3 DEVON HILL ROAD
BALTIMORE MD 21210


MICHAEL MURRAY
1 MAIN STREET 9L
BROOKLYN NY 11201


MICHAEL NIGRO
81 BILTMORE BOULEVARD
MASSAPEQUA NY 50000


MICHAEL NIXON
678 10TH AVENUE
BROOKLYN NY 11215


NEW YORK STATE DEPARTMENT OF FINANCE (BA
BANKRUPTCYSPECIAL PROCEDURES SECT PO
ALBANY NY 12205-0300


NYC DEPARTMENT OF FINANCE
ATTN: LEGAL AFFAIRS  DEVORA COHN 345 A
BROOKLYN NY 11201


OFFICE OF THE ATTORNEY GENERAL
THE CAPITOL
ALBANY NY 12224

RALPH MARRA
11521 BEAR PAW LANE
PORT RICHEY FL 34668


RALPH MARRA, SENIOR
12924 DRAKEFIELD DRIVE
SPRINGHILL FL 34610


STEPHEN M. PIOSO
8301 SPRAGUE PLACE
NEW CARROLTON MD 20784


SURROUNDART LLC
63 FLUSHING AVENUE UNIT 154
BROOKLYN NY 11205


SURROUNDART STORAGE LLC
63 FLUSHING AVENUE UNIT 154
BROOKLYN NY 11205


UNITED STATES ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF NEW YORK
ATTN: TAX  BANKRUPTCY UNIT 86 CHAMBERS
NEW YORK NY 10007